Karolina Kulesza, Bar No. 15504
*kkulesza@lawdbd.com*
**DRIGGS, BILLS & DAY, P.C.**
331 South 600 East
Salt Lake City, UT 84102
Telephone: (801) 363-9982
Facsimile: (801) 931-2552
**Attorney for Plaintiffs**

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| EDWARD LESLIE, individually and on behalf of all others similarly situated,<br><br>**Plaintiffs.**<br><br>v.<br><br>JOHN C. HEATH ATTORNEY AT LAW, PROFESSIONAL LIMITED LIABILITY COMPANY d/b/a LEXINGTON LAW, a Utah professional limited liability company,<br><br>**Defendant.** | **CLASS ACTION COMPLAINT**<br>**And**<br>**DEMAND FOR JURY TRIAL**<br><br>Civil No. 2:15-cv-00833-PMW<br><br>Judge Paul M. Warner |

Plaintiff Edward Leslie ("Plaintiff") brings this Class Action Complaint against John C. Heath Attorney At Law d/b/a Lexington Law ("Lexington Law") on behalf of himself and all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## I. NATURE OF THE ACTION

1. Lexington Law is a law firm offering credit repair services.[1] In an effort to market its services, Lexington Law made (or directed to be made on its behalf) calls to the wireless telephones of Plaintiff and each of the members of the Class without prior express written consent[2] in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Neither Plaintiff nor the other Class members ever consented in writing, authorized, desired or permitted Lexington Law to make calls to their wireless telephones.

3. By making such unauthorized calls, Lexington Law caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited calls, and the monies paid to their wireless carriers for the receipt of such calls.

4. In order to redress these injuries, Plaintiff seeks an injunction requiring Lexington Law to cease all unsolicited calling activities, an award of statutory damages to the Class members under the TCPA and ATDA, and trebled actual damages under the ATDA, together with costs and reasonable attorneys' fees.

---

[1] Lexington Law, Credit Repair Services, https://www.lexingtonlaw.com/credit-repair-services (last visited Sept. 2, 2015).

[2] As of October 16, 2013, prior express **written** consent is required. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order (FCC Feb. 15, 2012) (amending 47 C.F.R. 64.1200(a)(2)).

## II. JURISDICTION AND VENUE

*Subject Matter Jurisdiction*

5. This Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1331, because it arises under the laws of the United States.

*Personal jurisdiction*

*6.* This Court has personal jurisdiction over Lexington Law, pursuant to the Utah Long-Arm Statute, § 78-27-24 (1), because Lexington Law transacts business in the State of Utah, and because Lexington Law conducts and carries on business in this State.

*Venue*

7. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(1), because Lexington Law resides in this District. Further, venue is proper pursuant to § 1391(b)(2), because a substantial part of the events or omissions giving rise to this action occurred in this District.

## III. PARTIES

*Plaintiff*

8. Plaintiff is an individual domiciled in Waco, Texas.

*Defendant*

9. Lexington Law is a professional limited liability company organized in and existing under the laws of the State of Utah with its principal place of business located at 360 N. Cutler Drive, North Salt Lake, Utah 84054.

## IV. FACTUAL BACKGROUND

10. Companies have employed advance technologies that make it easier to market their products and services. According to a recent report examining class actions under the TCPA in the Northern District of Illinois:

> ***Autodialers (also known as robocalls) automatically deliver a prerecorded message to a list of telephone numbers, and thus remove the need for human representatives***. These predictive dialers were developed to find better pacing (scheduling of dialing attempts) by collecting and analyzing data on the proportion of call attempts that are answered, durations of time from call initiation to answer, and durations of service. The technology was designed to minimize both the time that telemarketers must spend waiting between conversations and amount of abandoned calls experienced by consumers.[3]

*Lexington Law's Calls to Plaintiff*

11. At all relevant times, Plaintiff was the subscriber of the wireless telephone number ending in 6099.

12. On or about August 11, 2015, Plaintiff received a call to his wireless telephone from "Unknown" with a calling number listed as 218-712-2015.

13. Lexington Law makes calls using the phone number 218-712-2015.

14. A prerecorded and/or artificial message stated: "Hello, this is Beth, a paralegal at Lexington Law Firm, and I am calling in response to the free credit repair consultation you requested on line."

---

[3] Institute for Consumer Antitrust Studies, Loyola University Chicago School of Law, The Telephone Consumer Protection Act of 1991: Adapting Consumer Protection to Changing Technology 7 (Fall 2013) (emphasis added). The report "was made possible through a *cy pres* distribution from a class action involving the TCPA in the Northern District of Illinois under the supervision of Senior Judge William Hart and Magistrate Judge Morton Denlow." *Id.* at 2.

15. The prerecorded and/or artificial message further asked Plaintiff to call Lexington Law at 602-474-2454 to hear about the credit repair options and solutions Lexington Law has to offer.

16. However, Plaintiff never requested such "free credit repair consultation" nor had any prior business with Lexington Law.

17. Lexington Law owns and uses the following website: www.lexingtonlaw.com.

18. On its website, Lexington Law offers to "leverage [its] consumer rights with [its] unparalleled experience to engage [its clients'] individual creditors, and the credit bureaus." Lexington Law adds that it works on its clients' behalf "to help ensure that [their] credit reports are fair, accurate, and substantiated." Lexington Law further states that its "services have proven so effective that past clients have seen an average of 10.2 items, or 24% of their presenting negatives, removed within 4 months."

19. To date, Lexington Law has called Plaintiff's wireless telephone number at least 17 times, as illustrated below:

| Date | Number Of Calls |
| --- | --- |
| August 11, 2015 | 1 |
| August 12, 2015 | 3 |
| August 13, 2015 | 2 |
| August 14, 2015 | 2 |
| August 18, 2015 | 1 |
| August 19, 2015 | 2 |
| August 20, 2015 | 1 |

| | |
|---|---|
| August 21, 2015 | 1 |
| August 24, 2015 | 1 |
| August 26, 2015 | 1 |
| August 28, 2015 | 1 |
| September 9, 2015 | 1 |

20.     On four separate occasions, Plaintiff called Defendant at the number provided in the automated message and requested that Defendant stop calling him. However, Plaintiff continued to receive the calls.

21.     On information and belief, Lexington Law made, or had made on its behalf, the same or substantially the same calls *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers.

22.     On information and belief, Lexington Law made these calls to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

23.     Plaintiff and the Class members never consented to, requested, or otherwise desired or permitted Lexington Law to call his wireless phone.

## V.     CLASS ALLEGATIONS

24.     Plaintiff brings this action, as set forth below, on behalf of himself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

**TCPA Class**

All individuals in the United States whose wireless telephone number Lexington Law, or someone on Lexington Law's behalf, called using an automatic telephone dialing system or an artificial or prerecorded voice without prior express written consent of the called party.

Excluded from the TCPA Class are Lexington Law and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

25. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

26. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by Lexington Law's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Lexington Law's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

27. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    a. The manner in which Lexington Law compiled and called the list of wireless telephone numbers, including Plaintiff's number;

b.  Whether Lexington Law (or someone on Lexington Law's behalf) was soliciting the sale of services;

c.  Whether the equipment Lexington Law (or someone on Lexington Law's behalf) used to make the calls in question was an automatic telephone dialing system as contemplated by the TCPA;

d.  Whether the equipment Lexington Law (or someone on Lexington Law's behalf) used to make the calls in question involved the use of a prerecorded or artificial voice as contemplated by the TCPA;

e.  Whether Lexington Law's conduct constitutes a violation of the TCPA;

f.  Whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

g.  Whether Plaintiff and the Class are entitled to treble damages under the TCPA based on the willfulness of Lexington Law's conduct; and

h.  Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

28.  **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

29.  **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the Class members.

30.  **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Lexington Law has acted or refused to act on grounds generally applicable to Plaintiff and the

other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to Class as a whole.

31. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Lexington Law, so it would be impracticable for Class members to individually seek redress for Lexington Law's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

### VI.     CLAIM ALLEGED

#### COUNT I
#### Violation of the TCPA, 47 U.S.C. § 227
#### (On behalf of the TCPA Class)

32. Lexington Law and/or its agents made phone calls to the wireless telephone numbers of Plaintiff and the other Class members *en masse* without their prior express consent.

33. Lexington Law made the calls, or had them made on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

34.     Lexington Law utilized equipment that made the calls to Plaintiff's and other Class members' wireless telephones simultaneously and without human intervention.

35.     Lexington Law made the calls, or had them made on its behalf, using an artificial and/or prerecorded voice.

36.     By making the calls to Plaintiff and the Class, Lexington Law violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Lexington Law's unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the calls on their wireless phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

37.     Should the Court determine that Lexington Law's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## VII.     JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII.     REQUEST FOR RELIEF

WHEREFORE, Plaintiff Edward Leslie, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A.     Certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing his counsel as Class Counsel;

B.     Awarding of actual or statutory damages;

C.     Requiring Lexington Law to cease all wireless phone call activities initiated without prior express written consent, and otherwise protecting the interests of the Class;

D. Awarding of reasonable attorneys' fees and costs; and

E. Awarding such other and further relief that the Court deems reasonable and just.

DATED November 24, 2015

                              Respectfully submitted,

                              Driggs Bills & Day, P.C.

                              _/s/ Karolina Kulesza_____
                              Karolina Kulesza

                              Robert Ahdoot*
                              *rahdoot@ahdootwolfson.com*
                              Tina Wolfson*
                              *twolfson@ahdootwolfson.com*
                              Brad King*
                              *bking@ahdootwolfson.com*
                              **AHDOOT & WOLFSON, P.C.**
                              1016 Palm Avenue
                              West Hollywood, California 90069
                              Phone: 310.474.9111
                              Fax: 310.474.8585

                              Joseph J. Siprut*
                              *jsiprut@siprut.com*
                              Ismael T. Salam*
                              *isalam@siprut.com*
                              **SIPRUT, P.C.**
                              17 N. State Street
                              Suite 1600
                              Chicago, Illinois 60602
                              Phone: 312.236.0000
                              Fax: 312.241.1260

                              *Pro hac vice* application to be filed