Karolina Kulesza, Bar No. 15504
*kkulesza@lawdbd.com*
**DRIGGS, BILLS & DAY, P.C.**
331 South 600 East
Salt Lake City, UT 84102
Telephone: (801) 363-9982
Facsimile: (801) 931-2552
**Attorney for Plaintiffs**

[Additional counsel on signature page]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EDWARD LESLIE, individually and on behalf of all others similarly situated, | Civil No. 2:15-cv-00833-PMW |
| **Plaintiff,** | **PLAINTIFF'S OBJECTIONS TO DECLARATION OF JOHN C. HEATH IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION** |
| v. | |
| JOHN C. HEATH ATTORNEY AT LAW, PROFESSIONAL LIMITED LIABILITY COMPANY d/b/a LEXINGTON LAW, a Utah professional limited liability company, | Magistrate Judge Paul M. Warner |
| **Defendant.** | |

Plaintiff EDWARD LESLIE ("Plaintiff"), by and through his counsel, hereby files his objections to the Declaration of Defendant John C. Heath Attorney at Law d/b/a Lexington Law (hereinafter "Defendant" or "John C. Heath" or "Mr. Heath"), filed in support of Defendant's Motion to Compel Arbitration on February 5, 2016.

Plaintiff objects to the entirety of John C. Heath's declaration on the grounds that: (1) it is not made on personal knowledge; (2) it lacks authentication; (3) it is based on inadmissible hearsay; and (4) it violates the best evidence rule.

## I.    GENERAL OBJECTIONS

The following set forth the broad categories of objections to the Declaration of John C. Heath.  Each of these categories is specifically applied to statements or exhibits contained in the declaration in Part II of this document.

### A.    The Declaration Is Not Made On Personal Knowledge

Rule 56(c)(4) of the Federal Rules of Civil Procedure requires that affidavits and declarations be "made on personal knowledge" and set forth facts as would be admissible in evidence.  Likewise, Rule 602 of the Federal Rules of Evidence requires that a testifying witness have "personal knowledge of the matter."  Under this standard, "an affidavit is inadmissible if 'the witness could not have actually perceived or observed that which he testifies to.'" *Argo v. Blue Cross and Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (citing *United States v. Sinclair*, 109 F.3d 1527, 1536 (10th Cir. 1997)).

Mr. Heath purports to introduce as evidence the facts of Plaintiff's virtual movements through the third party website http://rentownhomelistings.com/.  Mr. Heath describes the specific clicks Plaintiff allegedly guided his computer mouse through on a specific date, August

11, 2015. (Declaration of John C. Heath ("Heath Decl."), Ex. A, ¶¶ 4-5, 7-8). However, Mr. Heath does not know Plaintiff and did not observe Plaintiff's conduct on August 11, 2015. Hence, he could not be making this declaration on personal knowledge based on seeing Plaintiff's actions with his own eyes. Likewise, Defendant has presented no additional information that would support a conclusion that John C. Heath has personal knowledge of Plaintiff's online activity on any date, including August 11, 2015.

The declaration is conspicuously void of any reference to the manner in which Mr. Heath came to have personal knowledge of Plaintiff's specific online activity on the date in question. Mr. Heath does not state that he owns, manages, or is in any way in control of the third party website through which he contends Plaintiff entered into a binding agreement with Defendant. He has not even stated *how* he came to know the information that he now holds out as facts. Accordingly, the declaration contains nothing to substantiate the conclusions rendered by Mr. Heath, thereby making such statements pure speculation and inadmissible.

Distinguish *Hancock v. American Tel. and Tel. Co., Inc.*, 701 F.3d 1248, 1236 (10th Cir. 2012) where AT&T employees made declarations based on personal knowledge of the standard practice for customer acceptance of U-verse terms of service. In *Hancock*, Internet customers challenged the applicability of an arbitration provision contained in AT&T's terms of service which were displayed on a technician's smart tablet, to which the customer had to agree before installation would begin. *Id.* at 1255. The declarations of the technicians demonstrated that it was standard practice for them to present the customers with the terms of service and to only continue the installation once the customer had agreed. *Id.* at 1253. These declarations were valid evidence because they were made by the technicians based upon their personal knowledge

of their own general practices. *Id*. at 1264.

Conversely, Mr. Heath purports to state facts of how Mr. Leslie, a person who he has never met, allegedly accessed Lexington's Terms of Use. Mr. Heath does not have personal knowledge regarding the alleged facts in his declaration because, (1) he is not Mr. Leslie and so cannot, without more, declare regarding Mr. Leslie's actions; and (2) the website in question belongs not to him, but to a third party so he cannot, without more, declare regarding computer history records. Mr. Heath does not point to, explain or produce any computer records which would show Mr. Leslie's purported activity on the third party website. Because of this, the subject declaration lacks personal knowledge and is objectionable.

### B.     The Declaration Lacks Authentication

Furthermore, the declaration of John C. Heath fails to authenticate the evidence it purports to use to support it. Federal Rule of Evidence 901 requires the proponent to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." The declaration references screenshots, attached as exhibits, of the website http://rentownhomelistings.com, which Mr. Heath claims "are identical in all material respects to the http://rentownhomelistings.com website when Plaintiff visited it." (Heath Decl., Ex. A, ¶ 6). But Mr. Heath's statements amount to nothing more than speculation as to the actions of Plaintiff, and thus lack foundation. *See Hansen v. PT Bank Negara Indonesia*, 706 F.3d 1244, 1250 (10th Cir. 2013) (Internet website of a bank could not be self-authenticating under rule 902 because the "possibility of fraud, forgery, and *mis-attribution* was not slight") (emphasis added).

Mr. Heath has laid no evidentiary foundation for his assertions about what actions were taken by Plaintiff. Here, Mr. Heath mis-attributes the screenshots to Plaintiff. First, he seeks to

offer as evidence screenshots of a website without stating when the screenshots were captured, by who and at whose direction they were captured, and the process by which they were captured. Further, the screenshots purport to evidence the actions taken by Plaintiff on August 11, 2015, but Defendant does not connect the screenshots in any meaningful way to Plaintiff's identity. Therefore, the screenshots and the reference to them in the declaration are not "supported by evidence sufficient to support a finding that the" screenshots are "what the proponent claims" them to be – namely, evidence of Plaintiff's online agreement to Defendant's arbitration agreement. *See* F.R.E. 901. The declaration is inadmissible for this reason.

**C.     The Declaration Is Based Upon Inadmissible Hearsay**

Another basis for this Court to sustain Plaintiff's objections to the declaration of John C. Heath is on the ground that it contains statements that violate the hearsay rule. Federal Rule of Evidence 802 provides that "[h]earsay is not admissible," and Federal Rule of Evidence 801(c) defines hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Mr. Heath's Declaration contains a recitation of alleged facts based on purported "discussions" that he had with unidentified "relevant individuals." Clearly, any part of the declaration based on statements from "relevant individuals" are hearsay and are inadmissible. Because Mr. Heath does not own the website in question, and he has not set forth other facts showing personal knowledge, it must be concluded that Mr. Heath bases his assertion that Plaintiff visited the website on out of court statements of "relevant individuals." Therefore, the entire declaration relies on hearsay and is inadmissible.

### D.   The Declaration Violates The Best Evidence Rule

Without producing any of the underlying documentation upon which Mr. Heath's conclusions are based, the court is being asked to merely trust Mr. Heath's summary and to give absolute deference to Defendant's underlying assumptions, namely, that Plaintiff agreed to arbitrate his claims. The Best Evidence Rule requires "an original writing, recording, or photograph" to be produced to "prove its content." Federal Rule of Evidence 1002. Here, Defendant does not produce the original of any evidence connecting connecting Plaintiff to the third party website in question or Lexington's Terms of Use.

The declaration is apparently based on a "review of relevant and available documents." Because Mr. Heath does not specify, Plaintiff can only presume that Defendant purports to base its allegations regarding Plaintiff's online movement on the computer records or IP logs of a third party. But the computer records are not produced. The only productions are screenshots of the website that Defendant alleges Plaintiff visited, the inadmissibility of which is discussed above. In reality, Mr. Heath's declaration is nothing but his own opinion that Plaintiff authorized Lexington Law to contact him and agreed to the Terms and Use. This declaration is based on conclusions, not facts. "'Conclusory allegations without specific supporting facts have no probative value.'" *Fitzgerald v. Corrections Crop. Of Am.*, 403 F.3d 1134, 1143 (10th Cir. 2005) (citing *Nichols v. Hurley*, 921 F.2d 1101, 1113 (10th Cir. 1143)). Blind representations like these are not admissible evidence.

## II.   SPECIFIC OBJECTIONS

In the alternative, Plaintiff requests that this Court sustain Plaintiff's objections to certain paragraphs of the declaration of John C. Heath as inadmissible based on the general evidentiary

objections discussed *supra*, and as detailed in the table below.

| EVIDENCE | OBJECTIONS |
|---|---|
| **Paragraph 4.**  On or about August 11, 2015, Plaintiff Edward Leslie ("Plaintiff") visited the website http://rentownhomelistings.com. | • FRE 602 (no personal knowledge; he statement is pure speculation as to Plaintiff's actions).<br>• FRE 901 (no authentication; the statement is pure conjecture as to Plaintiff's actions)<br>• FRE 801, 802 (hearsay; the declaration is based on conversations with unidentified "relevant individuals, whose statements are now being offered to prove the truth of the matters contained therein).<br>• FRE 1002 (best evidence rule; the statement is based on "review of relevant and available documents" which are not produced). |
| **Paragraph 5.**  Plaintiff voluntarily provided his name, email address and phone number on http://rentownhomelistings.com and then clicked on the link to "View Listings." | • FRE 602 (no personal knowledge).<br>• FRE 901 (no authentication).<br>• FRE 801, 802 (hearsay).<br>• FRE 1002 (best evidence rule). |

| | |
|---|---|
| **Paragraph 6.**  Attached as Exhibit B to the Appendix of Exhibits in Support of the Motion to Compel Arbitration and Memorandum in Support ("Appendix") are true and correct copies of screen shots from http://rentownhomelistings.com, which are identical in all material respects to the http://rentownhomelistings.com website at the time that Plaintiff visited it. | • FRE 602 (no personal knowledge).<br>• FRE 901 (no authentication; the screenshots are mis-attributed to Plaintiff).<br>• FRE 801, 802 (hearsay; the screenshot is being offered improperly to prove what the website looked like when Plaintiff allegedly accessed it).<br>• FRE 1002 (best evidence rule). |
| **Paragraph 7.**  Immediately below the "View Listings" link that Plaintiff clicked, the website informed Plaintiff that by clicking the "View Listings," he was consenting to being contacted by a representative from certain "marketing partners" and provided a link to a list of those partners. Lexington is listed as one of those "marketing partners." | • FRE 602 (no personal knowledge).<br>• FRE 901(no authentication).<br>• FRE 801, 802 (hearsay)<br>• FRE 1002 (best evidence rule). |
| **Paragraph 8.**  After Plaintiff clicked on the link to "View Listings," he was directed to a page asking if he would like a credit repair specialist from Lexington to contact him to assist in repairing his credit.  Plaintiff voluntarily clicked "Yes," thereby seeking a free consultation. | • FRE 602 (no personal knowledge).<br>• FRE 901 (no authentication).<br>• FRE 801, 802 (hearsay).<br>• FRE 1002 (best evidence rule).<br>• The statement that Plaintiff "was directed to a page" is vague and ambiguous. |

| | |
|---|---|
| **Paragraph 9.** Plaintiff was not required to seek a credit repair consultation from Lexington in order to view listings on http://rentownhomelistings.com. Had Plaintiff clicked the link for "No" after being asked if he would like a credit repair specialist to contact him, he would have simply continued on to http://rentownhomelistings.com and would not have been contacted by Lexington. | • FRE 602 (no personal knowledge).<br>• FRE 901 (no authentication for the supposition that Plaintiff sought a consultation).<br>• FRE 801, 802 (hearsay).<br>• FRE 1002 (best evidence rule). |
| **Paragraph 10.** Attached as Exhibit C to the Appendix is a true and correct copy of the credit repair contact request page for Lexington found on http://rentownhomelistings.com, which is identical in all material respects to the page found on http://rentownhomelistings.com at the time that Plaintiff requested a free credit repair consultation. | • FRE 602 (no personal knowledge).<br>• FRE 901 (no authentication; the screenshots are mis-attributed to Plaintiff).<br>• FRE 801, 802 (hearsay).<br>• FRE 1002 (best evidence rule). |
| **Paragraph 11.** By seeking his free consultation, Plaintiff expressly acknowledged that he "agree[d] by electronic signature to . . . the Privacy Policy and Terms of Use." The clause advising Plaintiff that he was agreeing to the Terms of Use appeared directly below the link Plaintiff clicked, was in the | • FRE 602 (no personal knowledge).<br>• FRE 901 (no authentication).<br>• FRE 801, 802 (hearsay).<br>• FRE 1002 (best evidence rule). |

| | |
|---|---|
| same font color and size as the majority of the page and included an underlined hyperlink to each of the referenced documents, including the Terms of Use. | |
| **Paragraph 12.**  Plaintiff would not have been contacted by Lexington without first affirmatively seeking a free credit repair consultation from Lexington and agreeing to the Privacy Policy and Terms of Use. | • FRE 602 (no personal knowledge).<br><br>• FRE 901(no authentication).<br><br>• FRE 801, 802 (hearsay).<br><br>• FRE 1002 (best evidence rule). |
| **Paragraph 13.**  Attached as Exhibit D to the Appendix is a true and correct copy of the Terms of Use, which is identical in all material respects to the Terms of Use at the time Plaintiff requested a free consultation from Lexington and agreed to the Terms of Use. | • FRE 602 (no personal knowledge).<br><br>• FRE 901 (no authentication; the screenshots are mis-attributed to Plaintiff).<br><br>• FRE 801, 802 (hearsay).<br><br>• FRE 1002 (best evidence rule). |

/ /

/ /

/ /

/ /

/ /

/ /

III.  **CONCLUSION**

Based on the foregoing, Plaintiff Edward Leslie respectfully requests that this Court

sustain Plaintiff's objections to the Declaration of John C. Heath.


DATED this 1st day of April, 2016

Respectfully submitted,


**Driggs Bills & Day, P.C.**

Karolina Kulesza


Tina Wolfson (*pro hac vice*)
*twolfson@ahdootwolfson.com*
**AHDOOT & WOLFSON, P.C.**
1016 Palm Avenue
West Hollywood, California 90069
Phone: 310.474.9111
Fax: 310.474.8585

Joseph J. Siprut (*pro hac vice*)
*jsiprut@siprut.com*
Ismael T. Salam (*pro hac vice*)
*isalam@siprut.com*
**SIPRUT** PC
17 N. State Street
Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.241.1260