**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **EDWARD LESLIE, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**JOHN C. HEATH ATTORNEY AT LAW, PROFESSIONAL LIABILITY LAW COMPANY d/b/a LEXINGTON LAW,**<br><br>Defendant. | Case No. 2:15-cv-00833-PMW<br><br>MEMORANDUM DECISION<br><br>Magistrate Judge Paul M. Warner |

Before the court is a motion by Defendant John C. Heath Attorney at Law, Professional Liability Law Company d/b/a Lexington Law ("Defendant") to compel arbitration and dismiss or stay the underlying action brought by Plaintiff Edward Leslie ("Plaintiff").[1]

## BACKGROUND

Plaintiff is an individual. Defendant offers "credit repair services." Plaintiff alleges that he and others were subjected to unauthorized "robocalls" from Defendant marketing its services.[2] Plaintiff alleges that he received 17 such calls to his cellphone alone, and brought this

---

[1] Docket no. 25.

[2] Docket no. 2.

action for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").[3]

Defendant alleges that on August 11, 2015, Plaintiff consented to the calls by providing information about himself on a real estate listing and by clicking "View Listings." Defendant alleges that near the link to "View Listings" was a statement that said that, by clicking "View Listings," a party consented to receive calls from the website's "marketing partners." Defendant alleges that Plaintiff clicked "View Listings" and then clicked "Yes" to get a "free credit repair consultation" from Defendant.[4] Defendant alleges that near the "Yes" was language that stated that clicking "Yes" constituted authorization "to be contacted by [Defendant] about credit repair or credit repair marketing by a live agent, artificial or prerecorded voice, and SMS text at my residential or cellular number (XXX) XXX-XXXX, dialed manually or by autodialer, and by email."[5] Defendant contends that next to this language was yet another link to "Terms of Use," which, assuming one clicked on it, showed agreement to arbitrate.

Defendant moves for an order compelling this matter to arbitration pursuant to the terms of the buried arbitration provision.[6] In opposing the motion, Plaintiff states that he has no recollection of visiting the website in question; "did not search for a house" on Defendant's affiliated website; only used an unrelated website to search for a rental home; did not click on any of the necessary links; and did not and would not "seek a a credit repair consultation" from

---

[3] *Id.*

[4] Docket no. 25 at 7.

[5] Docket no. 25-4 at 2.

[6] Docket no. 25.

Defendant.[7]  Plaintiff also states that his application to rent his current home was approved on August 9, 2015, so he would not have been searching for a rental home on August 11, 2015, the date Defendant claims Plaintiff visited the website.  Defendant avers that Plaintiff must have visited the sites because Defendant would not have contacted him otherwise.

## ANALYSIS

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, establishes a strong federal policy in favor of compelling arbitration over litigation.  *See Southland Corp. v. Keating*, 465 U.S. 1, 11 (1984); *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 104 (3d Cir. 2000).  The FAA "establishes that, as a matter of federal law, any doubts concerning *the scope of arbitrable issues* should be resolved in favor of arbitration."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (emphasis added).

However, an arbitration agreement is a matter of contract, and "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."  *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 83 (2002) (quoting *Steelworkers v. Warrior Gulf & Nav. Co.,* 363 U.S. 574, 582 (1960)).  Thus, "the existence of an agreement to arbitrate is a threshold matter which must be established before the FAA can be invoked."  *Avedon Eng'g, Inc. v. Seatex,* 126 F.3d 1279, 1287 (10th Cir.1997).

In determining whether an arbitration agreement exists, the Tenth Circuit appears to apply a standard of review similar to that used for motions for summary judgment.  "When parties dispute the making of an agreement to arbitrate, a jury trial on the existence of the

---

[7] Docket no. 33-2.

agreement is warranted *unless there are no genuine issues of material fact regarding the parties' agreement.*" *Hardin v. First Cash Fin. Servs., Inc.*, 465 F.3d 470, 475 (10th Cir. 2006) (quoting *Avedon Eng'g, Inc.,* 126 F.3d at 1287).

District courts within the Tenth Circuit have routinely applied this standard of review when determining the existence of an arbitration agreement.  *See, e.g., Quazilbash v. Wells Fargo & Co.*, 2010 WL 1643778, at *1 (N.D. Okla.); *Axis Venture Gp., LLC v. 1111 Tower, LLC,* 2010 WL 1278306, at *3 (D. Colo.); *Hill v. Richoh Americas Corp.,* 634 F.Supp.2d 1247, 1253 (D. Kan.2009), *rev'd on other grounds,* No. 09–3182, 2010 WL 1530786 (10th Cir.); *Brennan v. Global Safety Labs, Inc.,* 2008 WL 2234830, at *5 (N.D. Okla.) ("While the Tenth Circuit has not addressed precisely the standard of review a court is to apply in deciding a motion to compel arbitration, the Tenth Circuit has intimated that a summary-judgment like standard applies when the 'making' of an arbitration agreement is at issue.").

Here, a genuine issue of material fact exists as to whether Plaintiff entered into the arbitration agreement.  Defendant contends that Plaintiff's declaration is self-serving and insufficient to establish a dispute regarding an issue of material fact.  However, the court struggles to conceive of other evidence a party could submit to show that he had *not* visited a website, particularly at his stage of the proceedings.  Defendant vehemently opposed Plaintiff's proposal to conduct limited discovery regarding Plaintiff's Internet Protocol address, which could have been provided significant evidence of agreement.

Further, Defendant's declaration is conclusory and self-serving, and is not supported by any credible, substantive evidence.  Defendant's declarant, John C. Heath, clearly does not have a proper basis for making several of the statements in his declaration about Plaintiff's supposed

actions.[8] Defendant's argument that Plaintiff must have agreed to be contacted—and by extension agreed to arbitration—because otherwise Defendant would not have contacted him is *ipse dixit* and tautological.

Accordingly, Defendant's motion to compel arbitration and dismiss or stay the underlying action is **DENIED**.

**IT IS SO ORDERED**.

DATED this 26th day of May, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[8] *See, e.g.*, docket no. 25-2 at ¶¶ 3-4.